IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID HERRON,**

    **Plaintiff,**

**v.**                                                               **Civil Action No. 1:06cv22**
                                                                **(Judge Keeley)**

**FEDERAL BUREAU OF PRISONS,**
**DOMINIC A. GUTIERREZ, SR., DR.**
**ED BAKER AND DEVOANE MCCALL,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On September 19, 2005, the plaintiff initiated this case by filing a civil rights complaint in which he alleges that the defendants violated his civil rights when he was harassed, humiliated and forced to withdraw from the Residential Drug Abuse Program ("RDAP"). Plaintiff also asserts that the Defendants violated his due process rights, his right to freely exercise religion and his privacy rights. Because Herron asserts constitutional claims against a federal agency and its employees, the Court has construed his claims as ones arising pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) (authorizing suits against federal employees in their individual capacities). Plaintiff was granted permission to proceed as a pauper on April 3, 2006. Accordingly, this case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, <u>et</u> <u>seq.</u>, and 28 U.S.C.§§ 1915(e) and 1915A.

## I. The Complaint

In the complaint, Plaintiff asserts that the Federal Bureau of Prisons ("BOP") is responsible for its employees and their actions. In addition, Plaintiff asserts that Warden

Gutierrez and Dr. Baker are responsible for the conduct and actions of their his staff.[1]  Plaintiff asserts that Defendant McCall is liable for directly violating his constitutional rights.

Plaintiff asserts that he entered the RDAP on July 18, 2005, for the purpose of treatment for his drug abuse problems and for consideration of the one-year sentence reduction available under the program.[2]  Beginning on the first day of the program, Plaintiff asserts that Defendant McCall began sexually harassing him and intimidating him in front of the entire class. Defendant McCall also informed Plaintiff that she had information about new indictments against him, let him sit through class worrying about that information, and then later telling plaintiff she was only joking.  Plaintiff asserts that Defendant McCall's action caused him much mental pain and anguish, as well as emotional and mental stress.

Plaintiff also asserts that Defendant McCall violated his right to privacy on several occasions.  On the first occasion, Plaintiff asserts that Defendant McCall informed the entire class that Plaintiff was taking Paxil for depression.  In addition, on September 21, 2005, Plaintiff discovered that Defendant McCall had requested that medical staff inform her if Plaintiff was not taking his pills on time.  When Plaintiff confronted Defendant McCall with this information, the defendant informed Plaintiff that she requested the information so that if Plaintiff missed even one pill, he would be out of the RDAP.

Next, Plaintiff asserts that on October 17, 2005, Defendant McCall allowed an inmate to sing a song about "'Ho's,' meaning the most dirty term for a woman."  Complaint at 4.

---

[1] Plaintiff asserts that Dr. Baker is the doctor in charge of the RDAP program.

[2] Title 18 U.S.C. §3621(b) provides that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable  condition of substance addiction or abuse."  The Act is applicable to persons convicted of a "nonviolent offense" and allows the BOP to reduce a prisoner's sentence by up to one-year as an incentive for the successful completion of the treatment program.  See 18 U.S.C. § 3621(e)(2)(B); see also 28 C.F.R.  §550.58.

Moreover, during this song, Defendant McCall yelled "throw him your panties." Id.

Plaintiff goes on to cite several other examples of Defendant McCall's alleged misconduct. For example, in September 2005, Plaintiff asserts that Defendant McCall violated his right First Amendment rights by allowing an inmate to lead the class in a prayer. In addition, Plaintiff asserts that Defendant McCall used and encouraged vulgar language and racial epithets. Plaintiff also asserts that Defendant McCall told members of the class that Plaintiff "ran like a girl," even though she was aware that Plaintiff had steel rods in one of his ankles. Finally, Plaintiff asserts that Defendant McCall acted inappropriately when his mother died.

On October 24, 2005, Plaintiff asserts that he was advised by another BOP staff member, that he must either sign out of the RDAP program or start over. Plaintiff asserts that he chose to sign out of the program because of the severe emotional and psychological effects he suffered as a result of Defendant McCall's behavior. Plaintiff also asserts that he continues to be harassed by other inmates from the class as a result of Defendant McCall's actions. Plaintiff asserts that Defendant McCall's behavior has also caused him to eat alone in his housing unit instead of with the other inmates, caused his anxiety level to be at an all time high, and caused him to have trouble with depression, sleeping and focusing.

Plaintiff asserts that he has exhausted his administrative remedies with regard to his claims.[3] Therefore, Plaintiff requests compensatory damages in the amount of $50,000 and punitive damages in the amount of $500,000 because of the "wanton, reckless, malicious, or

---

[3] It appears as if Plaintiff exhausted his administrative remedies, or at least followed the appropriate steps to do so. Based on the copies of the Plaintiff's remedies provided to the Court, it appears the BOP rejected Plaintiff's Central office remedy for the failure to file his claims in the proper sequence. However, Plaintiff clearly filed a remedy to the Institution's Warden and to the Regional Office as evidenced by the responses he received from this persons. See dckt. 12 at Exhibits 7 and 8.

3

oppressive character" of which he complains.

## II.  Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[4] or when the claims rely on factual allegations which are  "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III.  ANALYSIS

### A.  Federal Bureau of Prisons

In Bivens, the United States Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights.  See Bivens, supra.  However, a Bivens cause of action is only available against federal officers in their individual capacities, and not the

---

[4] Id. at 327.

federal agency which employs the persons acting under federal law.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); see also Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy under Bivens is against federal officials individually, not the federal government.").  Thus, Plaintiff's claims against the Federal Bureau of Prisons must be dismissed.

**B.  Defendants Gutierrez and Baker**

Plaintiff asserts that Defendants Gutierrez and Baker are liable for the alleged unconstitutional acts of their subordinates.  However, *respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case.  Rizzo v. Good, 423 U.S. 362 (1976).  Instead, liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted).  Therefore, in order to establish liability in a Bivens case, Plaintiff must specify the acts taken by each defendant which violate his constitutional rights.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).  Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

In this case, Plaintiff fails to assert, much less establish, that either Defendant Gutierrez or Defendant Baker had any personal involvement in any violation of his constitutional rights.  Accordingly, those defendants are due to be dismissed.

**C.  Defendant McCall**

Plaintiff asserts, rather generally, that Defendant McCall violated his Eighth Amendment

right to be free from cruel and unusual punishment, that she violated his Fifth Amendment right to due process and that she violated his First Amendment Right to freely practice his religion. Construing Plaintiff's complaint liberally, the undersigned is of the opinion that Defendant McCall should be made to answer the complaint.

**D. FTCA Claims**

The undersigned notes that although Plaintiff makes no mention of a tort claim is his complaint, Plaintiff attaches a copy of an administrative tort remedy form to the documents intended to show proof of exhaustion.

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Here, Plaintiff has failed to allege how the actions of the Defendants were negligent. To the contrary, Plaintiff specifically asserts that the actions of the Defendants were willful and malicious. Thus, to the extent that Plaintiff seeks to raise a tort claim, that claim should be dismissed for the failure to state a claim.[5]

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's Bivens claims against the Federal Bureau of Prisons, Dominic Gutierrez, and Dr. Ed Baker be DISMISSED with prejudice. Moreover, it is the undersigned's recommendation that any suggested tort claim be DISMISSED without prejudice for the failure to state a claim. However,

---

[5] It also appears that those claims were unexhausted at the time this case was filed.

it is the recommendation of the undersigned that Plaintiff's <u>Bivens</u> claims against Defendant McCall be served upon that defendant by the United States Marshal Service.[6] <u>See</u> LR PL P 83.03.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: September 25, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[6] Because Defendant McCall is a federal employee, copies of the summons and complaint should also be served on the United States Attorney for the Northern District of West Virginia and the Attorney General of the United States by certified mail, return receipt requested. <u>See</u> Fed.R.Civ.P. 4(I). The defendant then has 60 days to answer the complaint. <u>See</u> Fed.R.Civ.P. 12(a)(3).