IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID HERRON,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:06CV22
(Judge Keeley)

**FEDERAL BUREAU OF PRISONS,
DOMINIC A. GUTIERREZ, SR.,
DR. ED BAKER, AND
DEVOANE MCCALL**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On September 19, 2005, pro se plaintiff David Herron ("Herron") filed a civil rights complaint, alleging that the defendants violated his civil rights when he was harassed, humiliated and forced to withdraw from the Residential Drug Abuse Program ("RDAP"). He also asserted that the defendants violated his due process rights, his right to freely exercise religion, and his privacy rights. Herron's civil rights complaint was referred to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.01, et seq, and 28 U.S.C. §§1915(e) and 1915A.

On September 25, 2006, Magistrate Judge Kaull issued a Report and Recommendation construing Herron's claims as ones arising pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) because he asserted

**HERRON v. FEDERAL BUREAU OF PRISONS, ET AL.** 1:06cv22

**ORDER ADOPTING REPORT AND RECOMMENDATION**

constitutional claims against a federal agency and its employees. The Magistrate Judge recommended that Herron's claims against the Federal Bureau of Prisons be dismissed because a <u>Bivens</u> cause of action is only available against federal officers in their individual capacities. He also recommended that Defendants Gutierrez and Baker be dismissed because Herron failed to assert that either defendant had any personal involvement in any alleged violation of his constitutional rights. Furthermore, to the extent that Herron raised any tort claims, the Magistrate Judge recommended that such claims be dismissed because Herron failed to allege how the actions of the defendants were negligent, and those claims appeared to be unexhausted at the time the case was filed. Magistrate Judge Kaull, however, recommended that Herron's <u>Bivens</u> claims should be served on Defendant McCall.

The Report and Recommendation informed Herron that failure to object to the recommendations and report would result in the waiver of his appellate rights on this issue. No objections were filed.[1] Therefore, the Court **ADOPTS** Magistrate Judge Kaull's Report and Recommendation in its entirety, **DISMISSES WITH PREJUDICE** Herron's <u>Bivens</u> claims against the Federal Bureau of Prisons, Dominic Gutierrez, and Dr. Ed Baker, **DISMISSES WITHOUT PREJUDICE** any tort

---

[1] Herron's failure to object to the Report and Recommendation waives his appellate rights in this matter and relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented. See <u>Thomas v. Arn</u>, 474 U.S. 140, 148-153 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-200 (4th Cir. 1997).

**HERRON v. FEDERAL BUREAU OF PRISONS, ET AL.**                    **1:06cv22**

ORDER ADOPTING REPORT AND RECOMMENDATION

claims asserted by Herron in his civil rights complaint, and **DIRECTS** the Clerk to serve Herron's complaint on Defendant Devoane McCall through the United States Marshals Service pursuant to Rule 83.03 of the Local Rules for Prison Litigation Procedure.[2]

It is so **ORDERED.**

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: October 17, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] Because Defendant Devoane McCall is a federal employee, copies of the summons and complaint should also be served on the United States Attorney for the Northern District of West Virginia and the Attorney General of the United States, by certified mail, return receipt requested. Fed.R.Civ.P. 4(I). Defendant McCall then has 60 days to answer Herron's complaint. Fed.R.Civ.P. 12(a)(3).