FILED
JUN 8 - 2007
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID HERRON,**

**Plaintiff,**

v.
Civil Action No. 1:06cv22
(Judge Keeley)

**FEDERAL BUREAU OF PRISONS,
DOMINIC A. GUTIERREZ, SR., DR.
ED BAKER AND DEVOANE MCCALL,**

**Defendants.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this case on February 9, 2006, by filing a civil rights complaint against the above-named defendants. On September 26, 2006, the undersigned conducted a preliminary review of the file and issued a report and recommendation recommending that the plaintiff's claims be dismissed against all of the defendants except Devoane McCall. On October 18, 2006, the Honorable Irene M. Keeley, United States District Judge, adopted the report and recommendation in its entirety and dismissed the Federal Bureau of Prisons, Dominic A. Gutierrez, and Dr. Baker as defendants in this action. Judge Keeley also directed that a summons be issued for defendant McCall and that service be effected through the United States Marshal Service. A review of the file shows that defendant McCall was served on November 1, 2006.

On January 31, 2007, after being granted an extension of time to respond, defendant McCall filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. The Court issued a <u>Roseboro</u> Notice on April 12, 2007, and the plaintiff filed his reply on May 4, 2007. Accordingly, this case is ripe for review.

## I. The Pleadings

### A. The Complaint[1]

In the complaint, the plaintiff asserts that he entered the Bureau of Prisons Residential Drug Abuse Program ("RDAP") on July 18, 2005, while incarcerated at the Federal Correctional Institution in Morgantown, West Virginia.[2] Beginning on the first day of the program, the plaintiff asserts that defendant McCall began harassing and intimidating him in front of the entire class.

Specifically, the plaintiff asserts that one day defendant McCall told him that she had new indictments against him, then after letting the plaintiff worry for some time, told him that she was only joking. The plaintiff also asserts that defendant McCall violated his right to privacy on several occasions by telling the class confidential medical information about the plaintiff, such as which medications he was on and what medical conditions he suffered. Moreover, the plaintiff asserts that defendant McCall requested information about the plaintiff from medical staff and threatened to use that information to remove the plaintiff from the RDAP. The plaintiff also asserts that defendant McCall allowed other inmates to sing vulgar songs and participated in vulgar language herself, including the use of racial epithets. Additionally, the plaintiff asserts that defendant McCall told the class that the plaintiff runs like a girl and that she acted inappropriately regarding the death of the plaintiff's mother.

Finally, the plaintiff asserts that defendant McCall violated his First Amendment rights by

---

[1] Because defendant McCall is the only remaining defendant, the undersigned will discuss the complaint only to the extent that it pertains to the plaintiff's claims against defendant McCall.

[2] Title 18 U.S.C. § 3621(b) provides that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." The Act is applicable to persons convicted of a "nonviolent offense" and allows the BOP to reduce a prisoner's sentence by up to one-year as an incentive for the successful completion of the treatment program. See 18 U.S.C. § 3621 (e)(2)(B); see also 28 C.F.R. § 550.58.

allowing other inmates to lead the class in prayer.

As a result of the alleged actions of defendant McCall, the plaintiff asserts that he was forced to withdraw from the RDAP program. Moreover, the plaintiff asserts that he suffered severe emotional and psychological trauma. Specifically, the plaintiff asserts that defendant McCall's behavior caused him to eat alone in his housing unit rather than in the dining hall, have high levels of anxiety, battle depression, and to have trouble sleeping and focusing. Additionally, the plaintiff asserts that even after his withdraw from the class, he continued to be harassed by the other inmates.

As relief, the plaintiff requests compensatory damages in the amount of $50,000 and punitive damages in the amount of $500,000.

### B. **The Defendant's Motion**

In this motion, the defendant asserts that the plaintiff has failed to exhaust his administrative remedies, that the complaint fails to state a claim upon which relief can be granted, and that even assuming that a claim has been stated, the defendant is entitled to qualified immunity. Thus, the defendant requests that the action be dismissed with prejudice or, in the alternative, that summary judgment be entered in the defendant's favor.

### C. **The Plaintiff's Reply**

In his reply to the defendant's motion, the plaintiff requests that this case proceed "based on the facts and truth." The plaintiff asserts that the defendant's response is filled with lies and cover-ups. The plaintiff asserts that he complained of the defendant's conduct, but that nothing was done. The plaintiff then reiterates the allegations made in the complaint and requests that the court continue his suit. To further support his claims, the plaintiff also attaches affidavits from other inmates who attended the same RDAP group.

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

### B. Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of

informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## III. Analysis

### A. Exhaustion

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[3] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available

---

[3] Id.

administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo, ___ U.S. ___, 126 S.Ct. 2378 (2006) (recognizing the PLRA provisions contain a procedural default component).

The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Morgantown, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

Here, although the plaintiff filed several administrative remedies which initially appeared to show that his claims were exhausted, it is now clear that such is not the case. The plaintiff did initiate the administrative remedy process with regard to the claims raised in the complaint. However, the plaintiff did not follow through the final step of the process and his claims are not exhausted.[4] In addition, because the plaintiff cannot now exhaust his claims, those claims are

---

[4] The defendants have provided copies of the plaintiff's administrative grievance records and copies of those grievances that are pertinent to this case. See Memorandum (dckt. 31), Ex. 1 at 13-31. It is clear from those documents that the plaintiff grieved the inappropriate and unprofessional conduct of defendant McCall and his subsequent withdrawal from the RDAP program to the Warden and the

procedurally defaulted.

Notwithstanding the failure to exhaust administrative remedies, the plaintiff's complaint also fails to state a claim for which relief may be granted and should also be dismissed for that reason.

B. **Failure to State a Claim**

(1) Verbal Abuse and Harassment

Name-calling alone cannot form the basis of a constitutional violation because a person has no liberty interest at stake. Numerous courts around the country have held that "even the most abusive verbal attacks do not violate the constitution." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). Nor do words or threats amount to assault under 42 U.S.C. §1983. Pierce v. King, 918 F.Supp. 932 (E.D.N.C. 1996), aff'd, 131 F.3d 136 (4th Cir. 1997), cert. granted and jdgmt. vacated on other grounds, 525 U.S. 802 (1998). Likewise, racial epithets do not implicate constitutional rights because, "no matter how abhorrent or reprehensible" a racial epithet may be, it cannot itself form the basis of a §1983 claim. See Wade v. Fisk, 176 A.D.2d 1087, 1089, 575 NYS.2d 394 (1991).

Accordingly, to the extent that the plaintiff alleges that he was verbally abused, harassed or otherwise attacked by defendant McCall, the plaintiff has failed to state a constitutional claim and those claims should be dismissed.

(2) Due Process

It is well established that in order to demonstrate a due process violation, a petitioner must

---

Regional Office. Id. at 23, 25. However, it is equally clear, that the plaintiff never appealed that decision to the Central Office and his claims are not fully exhausted. Nonetheless, even had the plaintiff pursued his central office remedies, he compliant would still be subject to an exhaustion dismissal. The plaintiff regional appeal shows that the plaintiff initiated this case prior to the date on which the Regional Office denied his appeal. Id. at 25. Thus, this case was prematurely filed.

show that he was deprived of a liberty or property interest protected under the Fifth Amendment. Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1, 7 (1979). However, the Supreme Court has made it quite clear that a prisoner has no constitutional or inherent right in being released before the completion of a valid sentence. Id.; see also Sandin v. Conner, 515 U.S. 472, 484 (1995). In fact, directly on point with this case, several courts, including this one, have found that there is no protected liberty interest in discretionary early release under 18 U.S.C. § 3621(e) for completion of the RDAP. See Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Jacks v. Crabtree, 114 F.3d 983, 986 n. 4 (9th Cir. 1997); Fonner v. Thompson, 955 F.Supp. 638, 642 (N.D.W.Va. 1997).

According, the petitioner's due process claim is without merit and should be dismissed.

(3) First Amendment

In the complaint, the plaintiff complains of a single incident where the defendant allegedly allowed another inmate to lead the RDAP class in prayer. Thus, it appears that the plaintiff is asserting a claim under the "establishment clause" which prohibits the government from coercing anyone from participating in religion or its exercise. See Lee v. Weiman, 505 U.S. 577, 587 (1992). However, it has been recognized that a single episode of religious content similar to that described by plaintiff does not rise to the level of a constitutional violation. See Van Orden v. Perry, 545 U.S. 677, 690 (2005) ("Simply having religious content or promoting a message consistent with religious doctrine does not run afoul of the Establishment Clause."); see also Gray v. Johnson, 2005 WL 3036644 *5 (W.D.Va.Nov. 9, 2005) (the singing of religious songs and talk of spirituality and God during mandatory treatment meetings does not rise to the level of a constitutional violation); Rogers v. Hellenbrand, 2004 WL 433976 (W.D.Wis. March 4, 2004) (requiring an inmate to attend a

8

holiday party at which another inmate read a passage from the Bible is not a violation of the plaintiff's First Amendment right because the purpose for the holiday party was secular).

Here, as in the above cited cases, there is no evidence that the plaintiff was forced to participate in religion. Instead, it is clear from these cases that religion is often an integral part of treatment programs. Moreover, the speech was not that of the government, but merely individual inmates expressing their own religious beliefs. Accordingly, the plaintiff has failed to state a claim under the First Amendment and this claim should be dismissed.

### (4) Eighth Amendment

In this claim, the plaintiff asserts that the unprofessional and inappropriate behavior of defendant McCall was tantamount to cruel and unusual punishment. The plaintiff further asserts that such behavior caused him to suffer mental and psychological trauma for which he is entitled to recover monetary and punitive damages. However, § 1997e(e) of the Prison Litigation Reform Act provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury, suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In this case, the plaintiff has failed to allege any physical injury as a result of the actions of defendant McCall. Therefore, the plaintiff is precluded from an award of damages for his alleged mental and psychological trauma. See Page v. Kirby, 314 F.Supp.2d 619, 621-22 (N.D.W.Va. 2004). Accordingly, the plaintiff's Eighth Amendment claims should be dismissed.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (dckt. 29) be GRANTED and that the

complaint be DISMISSED with prejudice.[5]

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff.

DATED: June 8, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[5] The affidavits provided by the plaintiff are inapposite. The affidavits, at best, corroborate the plaintiff's version of events and show that he was indeed verbally abused and harassed by the defendant. However, because such verbal abuse and harassment does not rise to the level of a constitutional violation, the affidavits do not save the plaintiff's complaint from summary dismissal.