```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DAVID HERRON,**

    **Plaintiff,**

**v.**                            **// CIVIL ACTION NO. 1:06cv22**
                                                            **(Judge Keeley)**

**DEVOANE MCCALL,**

    **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH
PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

On February 9, 2006, pro se plaintiff, David Herron ("Herron"), filed a civil rights complaint, alleging that he was forced to withdraw from the Federal Bureau of Prisons' Residential Drug Abuse Program ("RDAP"). According to Herron, on July 18, 2005, he entered the RDAP at the Federal Correctional Institution at Morgantown ("FCI-Morgantown") and immediately underwent harassment and intimidation by Defendant Devoane McCall ("McCall").[1]

Specifically, Herron alleges that McCall advised him that he had a new indictment against him and then waited several days before telling him that she was only joking. Herron also asserts that McCall shared his confidential medical information with his

---

[1] On October 18, 2006, the Court adopted the recommendations of Magistrate Judge John S. Kaull and dismissed Herron's claims except for his claims against McCall. Accordingly, the Court will only discuss the complaint to the extent that it pertains to McCall.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

RDAP class and that she represented to the class that he ran like a girl and acted inappropriately regarding the death of his mother.

Furthermore, Herron alleges that McCall requested information from the medical staff and threatened to use that information to remove him from the RDAP. In addition, he claims that McCall permitted the other inmates to sing vulgar songs and that she used vulgar language herself. Finally, Herron claims that McCall violated his First Amendment rights by allowing other inmates to lead their RDAP class in prayer.

The Court referred Herron's complaint to United States Magistrate Judge John S. Kaull in accordance with Local Rule of Prisoner Litigation 83.01, et seq. On September 26, 2006, Magistrate Judge Kaull conducted a preliminary review and recommended that Herron's claims against the Federal Bureau of Prisons, Dominic A. Gutierrez, Sr., and Dr. Ed Baker be dismissed, but that his claims against McCall be served on her.

On October 18, 2006, the Court adopted the Magistrate Judge's recommendations, and the United States Marshal Service then served McCall with a summons and Herron's complaint on November 1, 2006. On January 31, 2007, McCall filed a dispositive motion, raising issues of failure to exhaust, failure to state a viable claim and

**HERRON v. McCALL**                                                1:06cv22

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

qualified immunity. The Magistrate Judge issued a Roseboro Notice on April 12, 2007, and Herron filed a reply brief on May 4, 2007.

On June 8, 2007, the Magistrate Judge issued a Report and Recommendation, finding that Herron not only had failed to exhaust his administrative remedies, but also had failed to state a claim upon which relief could be granted. Recognizing that a prisoner must exhaust all administrative remedies prior to filing suit, Magistrate Judge Kaull determined that, although Herron had initiated the administrative remedy process, he had failed to complete its final step. Porter v. Nussle, 534 U.S. 516, 524 (2002). He also determined that Herron cannot now exhaust his claims because his claims are procedurally defaulted. Woodford v. Ngo, _____ U.S. _____, 126 S.Ct. 2378 (2006). Therefore, the Magistrate Judge concluded that Herron's complaint should be dismissed for failure to exhaust his administrative remedies.

Even if Herron had exhausted his administrative remedies, the Magistrate Judge Kaull recognized that "name-calling" alone cannot form the basis of a constitutional violation, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and that threats or racial epithets do not form the basis of a civil rights complaint. Pierce v. King, 918 F.Supp. 932 (E.D.N.C. 1996), aff'd 131 F.3d 136 (4th Cir. 1997), cert. granted and jdgmt. vacated on other grounds,

3

525 U.S. 802 (1998). Therefore, to the extent that Herron's complaint alleges that McCall verbally abused or harassed him, Magistrate Judge Kaull concluded that Herron had failed to state a viable constitutional claim.

Magistrate Judge Kaull further determined that Herron had no protected liberty interest in completing the RDAP. Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000); Fonner v. Thompson, 955 F.Supp. 638, 642 (N.D.W.Va. 1997). Therefore, he concluded that Herron failed to establish a due process claim upon which relief could be granted.

With respect to Herron's allegation that McCall had allowed other inmates to lead the RDAP class in prayer, Magistrate Judge Kaull concluded that no evidence demonstrated that Herron was forced to participate in religious activity. He further stated that the speech was not that of the Government, but, instead, the speech of individual inmates expressing their own religious beliefs. Because having religious content in a mandatory meeting does not rise to the level of a constitutional violation, Van Orden v. Perry, 545 U.S. 677, 690 (2005), the Magistrate Judge concluded that Herron had failed to state a claim under the First Amendment.

Finally, with respect to Herron's claim that McCall's unprofessional and inappropriate behavior rose to the level of

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

cruel and unusual punishment, Magistrate Judge Kaull noted that Herron had failed to allege any physical injury as a result of McCall's alleged actions. 42 U.S.C. § 1997e(e) specifically prohibits suits by prisoners for mental or emotional injury. Page v. Kirby, 314 F.Supp.2d 619, 621-22 (N.D.W.Va. 2004). Therefore, the Magistrate Judge concluded that Herron's Eighth Amendment claim should be dismissed.

Magistrate Judge Kaull's Report and Recommendation informed the parties that failure to object to the recommendations would result in the waiver of their appellate rights on the issues raised in this case. No objections were filed.[2]

Therefore, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt no. 36), **GRANTS** the defendant's motions to dismiss (dkt no. 29) and **DISMISSES WITH PREJUDICE** Herron's civil rights complaint. The Court further **ORDERS** the case be stricken from its docket.

It is so **ORDERED.**

---

[2] Herron's failure to object to the Report and Recommendation waives his appellate rights in this matter and relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: July 5, 2007.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE